UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CARL FRANKLIN PENDERGRAST, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.  4:25-CV-031-DCLC-CHS |
| JOHNNY FITZ, | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

This is an action in which Petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2254 from various 2021 Bedford County, Tennessee criminal convictions [Doc. 1 p. 1]. Now before the Court is Respondent's motion to dismiss the petition as untimely [Doc. 11], in support of which he filed a memorandum [Doc. 12] and the state court record [Doc. 10]. Petitioner did not file a response to this dispositive motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Petitioner waived any opposition to the motion. E.D. Tenn. L.R. 7.2. For the reasons set forth below, Respondent's motion [Doc. 11] will be **GRANTED**, and the petition will be **DISMISSED** as time-barred.

I.      STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1).

**II.     ANALYSIS**

On March 22, 2021, a Bedford County judge entered judgments against Petitioner for numerous charges [*Id.* at 38–39, 42–43, 46–47, 50–51, 57–58, 62–67] in accordance with several "Petition[s] to Enter a Plea of Guilty" that Petitioner signed and filed with that court [Doc. 10-1 p. 34–35, 54–55, 59–60].

As Petitioner agreed in his petitions to plead guilty not to file an appeal of his convictions [*Id.* at 35, 54, 59], he did not file an appeal regarding the relevant judgments against him within the thirty days Tennessee law provided him to do so. *See* Tenn. R. App. P. 4(a).  Accordingly, the AEDPA statute of limitations began to run on April 23, 2021, the day after his time to file any such appeal expired.  *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (providing that where the Tennessee habeas corpus petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so ended (citing Tenn. R. App. P. 4(a))).

The AEDPA's one-year statute of limitations clock then ran for 317 days until it was paused on March 8, 2022, the day on which the post-conviction court received Petitioner's petition for post-conviction relief [*Id.* at 68–89].  Tenn. Sup. Ct. R. 8, § 2(G).  The clock began to run again on July 18, 2024, which was the day after the Tennessee Supreme Court denied review of the Tennessee Court of Appeals' affirmance of the denial of the post-conviction petition [Doc. 10-11].  The clock then expired on September 5, 2024, without Petitioner filing any other collateral challenge of his convictions.

On October 23, 2024, which was more than thirty days after the AEDPA statute of limitations expired, Petitioner filed his § 2254 petition in this action [Doc. 1 p. 16].  Accordingly,

2

Petitioner's § 2254 petition is untimely.  And while Petitioner asserts that his petition is timely because the AEDPA statute of limitations was tolled for ninety days after the conclusion of his post-conviction appeals [*Id.* at 12], Respondent correctly states in his memorandum in support of his motion to dismiss that this is incorrect. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (providing that an "application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari" filed with the United States Supreme Court in a state post-conviction proceeding).

Accordingly, the § 2254 petition is untimely, and Respondent's motion to dismiss [Doc. 11] is **GRANTED**.

### III. CERTIFICATE OF APPEALABILITY

The Court therefore must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal.  A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).  To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001).  As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

Accordingly, for the reasons set forth above:

1. Respondent's motion to dismiss [Doc. 11] is **GRANTED**;

2. The Court will **DISMISS** the petition time-barred;

3. A COA will not issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

4

Case 4:25-cv-00031-DCLC-CHS   Document 13   Filed 12/02/25   Page 4 of 4   PageID #: 401